[No. 35572. Department Two. March 16, 1961.]

JOHN HEIKKINEN, *Individually, and as Executor of the Estate of Elsa Heikkinen, Deceased, Appellant,* v. MAGNUS HANSEN *et al., Respondents.*[1]

[1]Reported in 360 P. (2d) 147.

*James M. Stewart* and *Paul B. Fournier,* for appellant.

*O. M. Nelson* and *Willis C. Oldfield,* for respondents.

OTT, J.—Prior to 1921, the Averill family owned a farm in Grays Harbor County. The Wynooche river crossed the northern portion of the land in such manner that they estimated approximately three acres were north of the river and thirty-nine acres south of it.

In 1921, the Averills conveyed to N. Gilkey that part of their farm lying north of the Wynooche river. The deed purported to describe the land by metes and bounds, together with these descriptive words: "containing that part of our farm North of the Wynooche River." This deed contained only the north and east lines, and no south and west directional lines. In 1922, the Averills executed another deed to Gilkey. The reasons for this latter deed are not reflected by the record. It appears to have been intended as a correction deed, as it contained all four directional lines, and while the descriptive words mentioned above are omitted, the southern boundary is described in such a manner that it follows the river bank.

In 1930, the Averills conveyed the remaining portion of the farm to John Heikkinen and his wife. This deed contained the following descriptive words: "EXCEPT that portion of said land lying north of the Wynooche River and containing 39 acres, more or less." According to the county assessor's records, the part of the Averill farm south of the river was then 37.25 acres. Since 1930, the Wynooche river has gradually shifted its banks southward approximately five hundred feet.

John Heikkinen and his wife brought this action to quiet

title to the five hundred feet now north of the river, contending (1) that the original grantors intended to convey to them thirty-nine acres and that a part thereof was north of the river, and (2) that they had acquired title to the disputed area by having color of title and having paid the taxes thereon for more than the statutory period.

The defendants denied plaintiffs' allegations of ownership, and affirmatively pleaded acquisition of the disputed land by virtue of the accretion of the river.

Prior to the entry of judgment, Mrs. Heikkinen died and her husband continued these proceedings in his own behalf and as executor of her estate.

The court found for the defendants. From the judgment of dismissal, the plaintiff has appealed.

The appeal is presented upon a short record and raises a single issue: Were the trial court's findings of fact sufficient to apprise the appellant of the theory upon which the court determined the issue, and did the trial court consider the theories upon which appellant relied?

The court entered the following findings of fact and conclusions of law:

"(1) That any change in the location of the Wynooche River since March 19th, 1930 was the result of erosion and accretion and not an avulsion.

"(2) That the title of the plaintiffs does not extend north of the north bank of said Wynooche River.

"Based upon the foregoing findings of fact the Court enters the following conclusion:

"(1) That the complaint of the plaintiffs should be dismissed.

"(2) That the defendants are entitled to a judgment against the plaintiffs, JOHN HEIKKINEN and the Estate of ELSA HEIKKINEN, deceased, for the costs and disbursements and for a Statutory Attorney fee."

With reference to finding of fact No. 1, the only testimony in the record is that of the assessor, who testified that in the twenty-year period the river gradually receded some five hundred feet southward. There is no evidence of avulsion. The trial court then applied the law of accretion as set forth by this court in *Harper v. Holston*, 119 Wash.

436, 205 Pac. 1062 (1922), and quoted with approval in *Hirt v. Entus,* 37 Wn. (2d) 418, 423, 224 P. (2d) 620 (1950):

" 'Another rule is that, when grants of land border on running water, and the course of the stream is changed by that process known as accretion—that is to say, the gradual washing away on the one side and the gradual building up on the other—the owner's boundary changes with the changing course of the stream. . . .

" 'On the other hand, it is equally the rule that, when a stream which is a boundary, from any cause, suddenly abandons its old channel and creates a new one, or suddenly washes from one of its banks a considerable body of land and deposits it on the opposite bank, the boundary does not change with changed course of the stream, but remains as it was before. This sudden and rapid change is termed in law an avulsion, and differs from an accretion in that the one is violent and visible, while the other is gradual, and perceptible only after a lapse of time.' (pp. 441, 442.)"

The trial court considered the evidence, and properly applied the law of accretion.

With reference to finding of fact No. 2, that the title of the appellant does not extend north of the Wynooche river, the trial court considered both theories asserted by appellant: (a) the intent of the grantors as shown by the deed, and (b) adverse possession under color of title and by payment of the taxes.

■ With reference to (a), the deeds, when construed together, are not ambiguous. The first deed from Averill to N. Gilkey specifically conveyed to Gilkey all of the Averill farm north of the river. In the second deed from Averill to N. Gilkey, the southern boundary of the property conveyed follows the river bank. The deed to the appellant granted him all of the farm except that portion north of the river.

Appellant contends, however, that such a construction ignores that portion of the deed which grants to him thirty-nine acres. The deed does not convey thirty-nine acres to appellant. The words, *"more or less,"* put him on notice that the area described south of the river might be less than thirty-nine acres.

The trial court considered this fact, as manifested by its oral decision:

". . . The wording is plain. I don't think there is anything ambiguous about it. Certainly, anyone receiving it was bound to know that he had acquired all of the property with the exception of that portion that then lay north of the river."

Did the trial court consider appellant's theory of title by adverse possession?

■ In its oral decision, the trial court indicated that it had considered the appellant's theory of title by adverse possession as follows:

"There is no basis for title by adverse possession on any part of that tract on the north side of the river. . . .
". . . As I view it, there just isn't any way that Mr. Heikkinen can get north of that river. His present boundary is the north, or left, bank of the Wynooche River, as it now is, and he has no right, title, interest or claim to anything north of the river. He acquired none by deed and has not established his claim of adverse possession."

The trial court properly construed the deeds when it limited appellant's color of title to that property south of the river. One may not claim property under color of title when the property is not described in the deed. *State v. Scott,* 89 Wash. 63, 154 Pac. 165 (1916). The description in the appellant's deed limits his interest to property south of the river. We are satisfied that the trial court gave full and ample consideration to the theories advanced by appellant in support of his case.

■ We fully agree with the appellant's statement that the trial court is required to make findings of fact on all material issues. In *Bowman v. Webster,* 42 Wn. (2d) 129, 134, 253 P. (2d) 934 (1953), we set forth the following statement from our decision in *Kinnear v. Graham,* 133 Wash. 132, 233 Pac. 304 (1925), which was referred to with approval in *Mertens v. Mertens,* 38 Wn. (2d) 55, 227 P. (2d) 724 (1951):

" 'The purpose of findings is to enable this court to review the questions upon appeal, and when it clearly appears what questions were decided by the trial court, and the manner in which they were decided, we think that the requirements have been fully met.' "

In the *Bowman* case, we further stated at p. 135:

"Where the findings of fact are incomplete or defective in some particular so that a doubt exists as to the theory on which the case was decided, we are sometimes able to overcome the difficulty by referring to the oral or memorandum decision of the trial court. [Citing cases.]"

Assuming, but not deciding, that the findings in the instant case were incomplete or defective, the oral decision of the trial court eliminates any speculation as to the legal theory upon which the trial court based its decision.

For the above reasons, we find no merit in the appellant's assignments of error.

The judgment is affirmed.

FINLEY, C. J., HILL, DONWORTH, and HUNTER, JJ., concur.