**FRANKLIN COUNTY, GEORGIA,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 21230.

United States Court of Appeals
Fifth Circuit.

Feb. 2, 1965.

J. E. Palmour, Gainesville, Ga., Andrew J. Hill, Jr., Lavonia, Ga., for appellant.

Richard N. Countiss, Dept. of Justice, Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis, Dept. of Justice, Washington, D. C., Floyd M. Buford, U. S. Atty., Macon, Ga., Sampson M. Culpepper, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before TUTTLE, Chief Judge, and MOORE * and BELL, Circuit Judges.

PER CURIAM.

The road and bridge for which the commissioners awarded only nominal damages in this case were condemned in connection with the Hartwell Dam and Reservoir project. The bridge spanned Eastanollee Creek in Franklin County, Georgia; the road involved was 2,000 feet in length and joined the bridge at each end.

No prejudicial error appears in either the appointment of or the instructions to the commissioners, nor in the award itself. Any error in the District Court's instruction that fair market value was the proper measure of compensation, rather than the value of substitute facilities, see City of Fort Worth, Texas v. United States, 5 Cir., 1951, 188 F.2d 217; and State of Washington v. United States, 9 Cir., 1954, 214 F.2d 33, was rendered harmless by appellant's request before the commissioners for the substitute facilities measure, and by the application of that measure by the commissioners.

* Of the Second Circuit, sitting by designation.

The appointment of commissioners by the court, although both parties had previously requested a jury trial, was justified by the character and location of the property condemned and by the necessity of inspecting the area as to which a need for substitute facilities was claimed. It affirmatively appears from the record that the commissioners surveyed the area affected before and after the taking. Moreover, the record warrants the conclusion that substitute facilities were unnecessary, and thus that appellant was entitled to nominal damages only.

Affirmed.