[No. 43552.   En Banc.   December 4, 1975.]

H. P. CLAUSING, ET AL, *Respondents*, v. RICHARD L. DeHART, ET AL, *Appellants*.

*Davis, Wright, Todd, Riese & Jones*, by *Richard A. Derham* and *Charles Goldmark*, for appellants.

*Casey, Pruzan, Kovarik & Shulkin*, by *Martin Godsil*, for respondents.

PER CURIAM.—This appeal is a sequel to *Clausing v. DeHart*, 83 Wn.2d 70, 515 P.2d 982 (1973). The facts are set forth in that opinion which remanded the case for "the

entry of a finding of fact on whether the notice of forfeiture, dated April 12, 1971, was properly given." The trial court entered a finding that said notice was properly given. We affirm.

Appellants contend that at the remand hearing the trial court should have heard their offered evidence that (1) respondents had allowed late payments in the past and could not demand strict performance without granting a reasonable time before making such a demand and (2) that a tender made 11 days after the notice of forfeiture became effective precluded forfeiture. This evidence would have been beyond the scope of the purpose of the remand.

Appellants' evidence goes to the equity and reasonableness of the forfeiture. It is implicit in our earlier opinion that the forfeiture was reasonable. We said:

> The question of whether forfeiture is too harsh a remedy, under the circumstances of this case, is essentially a question of fact which the trial court resolved against the purchasers. . . .
>
> . . . Under the circumstances of this case the court could have found, as it did, that a default with time for reinstatement of all delinquencies was not too harsh a remedy.

*Clausing v. DeHart, supra* at 77, 78.

The original trial court had relied on a subsequent notice of forfeiture, which we held to be error, and thus remand became necessary because of that trial court's additional finding that the April 12 notice may or may not have been defective. The purpose of the remand was to determine whether the notice had in fact been given and whether it was in compliance with the terms of the contract. The trial court so found and that ends the matter.

Respondents are awarded $1,000 as attorneys' fees pursuant to the terms of the contract.