[No. 45254. En Banc. December 21, 1978.]

AMY ANN SCHOONOVER, *Petitioner,* v. CARPET WORLD, INC., *Respondent.*

*Marston & Hodgins* and *Halleck H. Hodgins,* for petitioner.

*Geraghty, Geraghty, VanDerhoef & Sawyer,* by *Kenneth D. Vanderhoef,* for respondent.

HAMILTON, J.—This case involves a claim for wages, commissions, and attorney fees.

Plaintiff (petitioner), Amy Ann Schoonover, brought action in King County Superior Court, claiming that defendant (respondent), Carpet World, Inc., was bound by the terms of an employment contract made with plaintiff by defendant's employee, one Rodriguez. Plaintiff based her claim on the theory that Rodriguez had apparent authority to hire her on a salary and commission basis, thereby binding the defendant to the contract. The trial court rejected plaintiff's claim that a binding contract existed but, upon the theory of unjust enrichment, awarded her an amount based upon the minimum wage scale. The trial court also denied attorney fees. By unpublished opinion the Court of Appeals affirmed.

We granted review on two basic issues: (1) whether the trial court made adequate findings on the issue of Rodriguez' apparent authority to contract with plaintiff; and (2) whether plaintiff was entitled to attorney fees for the trial and appeal.

On both issues, we reverse the Court of Appeals and the trial court.

Plaintiff, a high school graduate with minor job experience, sought employment at defendant's retail outlet in

Lynnwood, Washington. She was hired by Rodriguez, a salesman at that outlet. Rodriguez was the only person then permanently assigned to the Lynnwood store. The sales manager of defendant's retail chain spent most of his time at other outlets and paid only occasional visits to the Lynnwood outlet. Plaintiff testified that when Rodriguez hired her he advised her that her salary would be $2.50 per hour plus a 10 percent commission on sales.

Plaintiff worked at the outlet between July 15, 1974, and August 19, 1974. During that period, she worked a total of 213 hours and made carpet sales totaling $1,822.68. Defendant's president and sales manager were aware of her work at the store, and a number of sales invoices which each bore her name as "salesman" and her signature as "representative" were sent from the outlet to the corporation office.[1] The sales manager visited the store on several occasions while she was working and at times supervised her work. On one occasion, the sales manager expressed dissatisfaction with a room measurement that plaintiff had taken for a customer and sent her back to take a new measurement. The president of the corporation testified that he had been aware of her presence in the store, but that Rodriguez had indicated plaintiff was working for him. The president claimed that in the carpet business, it is not unusual for salesmen's wives, relatives, or friends to work for them.

Defendant did not pay plaintiff during the period she worked there. Plaintiff made several requests for her check to Rodriguez and called defendant's main office to request her check in mid–August. On August 16, 1974, Rodriguez disappeared with funds belonging to defendant. Defendant filed a criminal complaint against Rodriguez, who at the time of trial had not been apprehended. Plaintiff testified

---

[1] The invoices, captioned with defendant's corporate name, each contained a description of the item or items sold, the price, the terms and conditions of the contract of sale, and a disclaimer of unwritten warranties. As indicated, the plaintiff signed the contract invoices as "representative" and the customer signed as "purchaser."

that on the day Rodriguez disappeared she called the defendant's president and asked him about her check, and he told her that Rodriguez had picked it up. A day or so later the sales manager told plaintiff that Rodriguez was responsible for her wages, not the defendant. Nevertheless, he permitted her to work in the store in his presence that day. Receiving no satisfactory explanation of her wage status, plaintiff quit.

The plaintiff, after unsuccessfully attempting to resolve the matter through administrative agencies, brought this suit against defendant, basing her cause of action upon her agreement with Rodriguez. The trial court made no specific finding or conclusion on the issue of apparent authority and rejected attorney fees under RCW 49.48.030.

The Court of Appeals held that the record contained substantial evidence to support the trial court's implied finding that Rodriguez was not an ostensible agent and otherwise lacked authority to enter into employment contracts on behalf of defendant. The Court of Appeals also affirmed the trial court's rejection of attorney fees pursuant to RCW 49.48.030, holding that an employment relationship is necessary to recovery and that the trial court found that no such relationship existed.

Plaintiff argues that the trial court made no specific finding on the issue of apparent authority, and thus there was no such finding for the Court of Appeals to uphold. Plaintiff further claims error in that the disallowance of attorney fees was based on a nonexistent finding, *i.e.,* that no employment relationship existed.

We agree with both contentions.

Plaintiff's claim for relief was based solely on the theory that Rodriguez had apparent authority to hire her on behalf of defendant, thereby binding defendant to the terms of the employment contract. Apparent authority has been defined as follows:

> [T]he principal is bound by the act of his agent when he has placed the agent in such position that persons

of ordinary prudence, reasonably conversant with business usages and customs, are thereby led to believe and assume that the agent is possessed of certain authority and to deal with him in reliance upon such assumption. *Mohr v. Sun Life Assur. Co.,* 198 Wash. 602, 603, 89 P.2d 504 (1939).

*Lumber Mart Co. v. Buchanan,* 69 Wn.2d 658, 662, 419 P.2d 1002 (1966).

Furthermore, it is a general rule that a corporation may be bound by the contracts or agreements of its agent if within the apparent scope of the agent's authority, although the contract may be beyond the scope of his actual authority. *Lumber Mart Co. v. Buchanan, supra.*

■ Plaintiff is correct in her assertion that the trial court erred in failing to make specific findings or conclusions on the issue of apparent authority. Of course, a trial court need not enter negative findings of fact. *Clausing v. DeHart,* 83 Wn.2d 70, 515 P.2d 982 (1973), *appeal after remand,* 86 Wn.2d 163, 543 P.2d 331 (1975). However, a trial court must make ultimate findings of fact on material and pivotal issues. *Bowman v. Webster,* 42 Wn.2d 129, 253 P.2d 934 (1953); *Waring v. Lobdell,* 63 Wn.2d 532, 387 P.2d 979 (1964). In the present case, apparent authority was the only theory of recovery that the plaintiff pleaded and sought to establish. Because the existence or nonexistence of apparent authority was an ultimate and determinative issue in the case, the trial court should have made an understandable determination of the issue.

The purpose of findings on ultimate and decisive issues is to enable an appellate court to intelligently review relevant questions upon appeal, and only when it clearly appears what questions were decided by the trial court, and the manner in which they were decided, are the requirements met. *Heikkinen v. Hansen,* 57 Wn.2d 840, 360 P.2d 147 (1961). If, however, the findings of the trial court are incomplete or indecisive, the appellate court may, of course, look to the oral decision of the trial court to eliminate speculation as to the premises upon which the trial court

based its decision. *Heikkinen v. Hansen, supra.* In its oral opinion in the instant case, the trial court explains its theory of unjust enrichment; however, the explanation reveals that it *did* determine that Rodriguez had apparent authority to hire plaintiff, thus rendering uncertain the ground upon which the trial court rejected plaintiff's wage and commission claim.

Because the trial court's oral decision and findings do not indicate the manner in which the issue of apparent authority was decided, the findings are insufficient in this respect.

Ordinarily, in the absence of adequate findings, we would remand for the entry of appropriate findings; however, in this case the record shows that the evidence adduced at trial, most of which was undisputed, overwhelmingly indicated that Rodriguez was clothed with apparent authority to hire. Therefore, we hold that apparent authority to hire was established as a matter of law, and that defendant became bound by the terms of the employment contract negotiated by Rodriguez.

It is the well established rule that the apparent or ostensible authority of an agent can be inferred only from acts and conduct of the principal. *Lamb v. General Associates, Inc.,* 60 Wn.2d 623, 374 P.2d 677 (1962); *Lumber Mart Co. v. Buchanan, supra.* And, the burden of establishing the requisite authority rests upon the one who asserts it. *Lamb v. General Associates, Inc., supra.* The plaintiff has clearly met the burden of establishing that apparent authority exists in the present case. Disregarding any statements attributed to Rodriguez regarding his authority to hire on behalf of defendant, there is ample undisputed evidence relating to the acts and conduct of defendant's officers from which apparent authority can readily be inferred.

The undisputed testimony indicates that Rodriguez was the only person permanently assigned to defendant's Lynnwood outlet. It is also uncontroverted that the sales manager only paid occasional visits to the outlet. By virtue of this staffing arrangement, defendant placed Rodriguez in

a position where it could be logically inferred by a job seeker of ordinary prudence, reasonably conversant with business custom, that he was in a position to hire sales personnel for the store. And, it would follow that he had concomitant authority to state the terms of employment, absent any reasonable and timely contrary notice to an individual employed by him.

This court, in effect, reached a similar conclusion in the case of *Walker v. Pacific Mobile Homes, Inc.,* 68 Wn.2d 347, 413 P.2d 3 (1966). In that case, a mobile home salesman had no actual authority to accept a consignment or to complete a sale. He sold a mobile home which had been taken on consignment without authority by a former salesman. He then absconded with the funds. The consignor sued the corporation which the salesmen represented, and the defendant corporation denied having authorized the salesmen's acts or having knowledge thereof. This court, however, held that the evidence warranted findings and conclusions that Pacific Mobile Homes had clothed the salesmen with apparent authority to take the trailer on consignment and to consummate a sale thereof. In reaching this conclusion, the court considered each salesman's solitary presence in the company office on several occasions as well as the salesmen's seeming control of the office in determining that apparent authority had been established. Consideration of those same factors leads to a similar conclusion in the present case, particularly because Rodriguez' solitary presence in the store was *usual,* as opposed to occasional.

Lending further support to this conclusion is the evidence that defendant's officers had knowledge of plaintiff's presence at the store, had to some extent supervised her work during the period in question, had received and accepted the benefits of sales the invoices for which bore her designation as "salesman" and "representative", and did not, until Rodriguez absconded, advise her that she was

not considered an authorized employee of defendant.[2] Although the subsequent conduct of defendant's officers may have no direct bearing on the issue of whether defendant placed Rodriguez in a position of apparent authority, it illustrates the reasonableness of plaintiff's beliefs that she was an employee of defendant during the period that she worked there.

For these reasons, we hold that apparent authority was established as a matter of law in the present case and that defendant is bound by the terms of the employment contract negotiated by Rodriguez. Therefore, defendant is liable to the plaintiff for wages and commissions in the total amount of $714.77, based on undisputed testimony regarding the number of hours plaintiff worked and the dollar amount of sales she made.

On the issue of attorney fees, we hold that plaintiff is entitled to an award of attorney fees for the trial as well as the appeal pursuant to RCW 49.48.030.[3] Defendant claims that this statute applies only when an employment relationship has been established, and that none has been established here. Since we now hold that such a relationship has been established, an award of attorney fees under the statute is appropriate. Additionally, even in the absence of our present holding, this award would logically follow in light of the trial court's finding of fact No. 9, which states:

9. There is a bona fide disagreement between the *employer and employee* concerning the compensation due and owing the plaintiff.

(Italics ours.)

---

[2]It is doubtful that a customer would have suspected or that defendant would have disclaimed plaintiff's authority as "representative" had a customer breached the terms of a contract invoice.

[3]"In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer: *Provided, however,* That this section shall not apply if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary." RCW 49.48.030.

This language implies that the trial court found an employment relationship existed, even though the court's reasons for that finding are somewhat obscure.

Defendant argues that RCW 49.48.030 only applies when recovery is for wages or salary, whereas the trial court did not award plaintiff wages, but rather the reasonable value of her services. Again, this argument must be rejected on the basis of our present ruling that defendant is liable for wages under the terms of the employment contract. However, apart from our present ruling, defendant's contention runs counter to the language of the judgment entered by the trial court, which states:

1. Plaintiff is awarded *wages* in this action against defendant in the amount of $383.40.

(Italics ours.)

█ Finally, we reject defendant's claim that RCW 49.48.030 does not apply to situations in which there exists a bona fide dispute between employer and employee. Neither language in the statute nor case law interpreting the statute supports this view.

The matter is remanded to the trial court with directions to enter judgment for the plaintiff for wages and commissions in the amount of $714.77 plus the reasonable amount of attorney fees for the trial and appeal.

WRIGHT, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.