[No. 70297-7. En Banc.]
Argued May 17, 2001. Decided July 5, 2001.

THE CITY OF LAKEWOOD, *Petitioner*, v. PIERCE COUNTY,
*Respondent*.

*Daniel B. Heid, City Attorney*, for petitioner.

*Gerald A. Horne, Prosecuting Attorney*, and *Douglas W. Vanscoy, Deputy*, for respondent.

SMITH, J. — Petitioner City of Lakewood seeks review of a decision of the Court of Appeals, Division Two, which affirmed an order of summary judgment by the Thurston County Superior Court in favor of Respondent Pierce County in an action to impress a constructive trust on judgment proceeds Respondent received from the United States in a quiet title and condemnation action in the United States District Court for the Western District of Washington. The Court of Appeals affirmed the trial court, concluding there was no clear, cogent and convincing evi-

dence upon which to impress the trust.[1] We granted review. We affirm.

## QUESTION PRESENTED

The question presented in this case is whether under its facts a constructive trust should be established by the Washington State courts in favor of Petitioner City of Lakewood against Respondent Pierce County for funds received by Pierce County in a judgment in a quiet title and condemnation action against the United States in the United States District Court for the Western District of Washington.

## STATEMENT OF FACTS

On August 29, 1997 Petitioner City of Lakewood filed a complaint against Respondent Pierce County in the Thurston County Superior Court.[2]

Although Petitioner's complaint is somewhat confusing, Petitioner at least asked the Pierce County Superior Court to declare a constructive trust in favor of Petitioner upon the funds awarded Respondent Pierce County in a prior lawsuit in the United States District Court for the Western District of Washington or, in the alternative, to order Respondent Pierce County to "commence the improvements to Murray Road, Thorne Lane, 146th Street and the Pedestrian Path for which Pierce County argued in [the federal] lawsuit."[3]

On January 1, 1991 the United States Government closed Woodbrook Road located in Pierce County and partially running through McChord Air Force Base.[4] On August 28, 1991 Respondent Pierce County filed a quiet title action against the United States in the United States District

---

[1] *City of Lakewood v. Pierce County*, 102 Wn. App. 170, 6 P.3d 1184 (2000).

[2] Clerk's Papers at 3-20.

[3] Clerk's Papers at 19.

[4] *Id.* at 160.

Court for the Western District of Washington.[5] On June 22, 1992 the Honorable Robert J. Bryan, after a hearing, quieted title in favor of Respondent Pierce County but allowed the United States to retain possession of Woodbrook Road.[6]

On October 5, 1993, in a hearing before Judge Bryan, Respondent presented expert testimony that replacement roads and improvements were necessary to compensate for the loss of Woodbrook Road.[7] In an oral ruling Judge Bryan stated:

> [N]o substantial compensation is due to the state if such other roads serve the municipality's requirements and needs in as adequate a manner and extent and with equal utility as such system would have provided had the facility in question not been condemned, so far as this is reasonably practical.[8]
>
> . . . .
>
> The bottom line here is that it's my judgment that in order to serve the requirements and needs of Pierce County in as adequate a manner and extent and with equal utility as the Pierce County system would have provided had Woodbrook Road not been closed, in a reasonably practical matter, it is necessary to do the upgrading to the Thorne Lane interchange and Murray Road as requested by the County . . . .
>
> . . . .
>
> I would incorporate into these findings the jurisdiction finding of the court under the Quiet Title Act and that the amount of compensation is the only issue, and would make the findings that are not contested and that have already been determined, that the plaintiff had a public right of passage over Woodbrook Road and the Air Force closed it on the date indicated. Those facts are not in contest, of course, and are part of my findings here.[9]

---

[5] *Id.*

[6] *City of Lakewood*, 102 Wn. App. at 172.

[7] Clerk's Papers at 97.

[8] *Id.* at 102.

[9] *Id.* at 126.

On November 1, 1993 Judge Bryan ruled against the United States and awarded Respondent Pierce County $3,817,266.00.[10] The clerk's minute order read in part:

For the reasons orally stated by the court, judgment is in favor of the plaintiff and against the defendant. A hearing on damages will be held Monday, October 25, 1993 at 9:30 a.m. to determine a specific total amount of the judgment. The court has awarded a partial amount of $2,280,164.00.[11]

The judgment read in part:

Decision by Court. This action came to trial before the Court. The issues have been tried and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

The court finds total judgment to be in the amount of $3,817,266.00 in favor of plaintiff and against the defendant.

November 1, 1993 Bruce Rifkin
Date Clerk

 Jean Adams
 (By) Deputy Clerk[12]

On February 10, 1994 the United States appealed the judgment.[13] On January 31, 1995 the United States and Respondent Pierce County entered into a settlement agreement.[14] On May 25, 1995 the United States paid Respondent $4,020,107.91, the total judgment plus interest.[15]

After Judge Bryan quieted title, on January 13, 1993 a total of 26 individuals and businesses in the American Lake Gardens area filed an action in the United States District

---

[10] *Id.*

[11] *Id.* at 128.

[12] *Id.* at 163.

[13] *Id.* at 160.

[14] *City of Lakewood*, 102 Wn. App. at 172-73.

[15] *Id.* at 173.

Court for the Western District of Washington against Pierce County for damages arising out of closure of Woodbrook Road.[16] In September 1994 the plaintiffs agreed to dismiss the action in return for monetary payment conditioned upon Pierce County collecting the judgment against the United States in the previous case decided by Judge Bryan.[17] On June 1, 1995 Respondent Pierce County paid the 26 plaintiffs a total of $205,519.01 under the settlement agreement.[18] On November 1, 1996 the sum of $93,678.90 was internally paid to Respondent's Risk Management Department as reimbursement for litigation costs.[19]

On March 14, 1995 voters approved incorporation of the City of Lakewood.[20] The City was incorporated on February 28, 1996.[21] Some of the roads impacted by loss of Woodbrook Road are located within the boundaries of the newly incorporated City of Lakewood.[22] Pierce County has made no improvements to the roads since the City of Lakewood was incorporated.[23]

On August 29, 1997 Petitioner City of Lakewood filed this action against Respondent Pierce County in the Thurston County Superior Court.[24] On December 16, 1998 Respondent filed a motion for summary judgment.[25] It claimed the state court did not have jurisdiction to interpret or enforce a federal judgment; federal law does not require a prevail-

---

[16] Clerk's Papers at 158-59. The cases were *Acton v. Pierce County*, United States District Court Case No, C93-5013B (1993) and *Estate of Baldwin v. Pierce County*, Case No. C93-5580B (1993). They were consolidated under the former cause number. Clerk's Papers at 159.

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *City of Lakewood*, 102 Wn. App. at 173.

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] Clerk's Papers at 3.

[25] *Id.* at 146.

ing municipality in a condemnation case to spend judgment proceeds in any particular manner; and even if the state court did have jurisdiction, there was no basis under state law for impressing a constructive trust upon the judgment proceeds.[26] On November 30, 1998 Petitioner filed a motion for summary judgment stating there was no genuine issue of material fact and asking the court to impose a constructive trust.[27]

After a hearing on January 15, 1999 the Honorable Christine A. Pomeroy granted Respondent Pierce County's motion for summary judgment and denied Petitioner City of Lakewood's motion.[28] On February 19, 1999 Petitioner filed a motion for reconsideration which was denied on April 9, 1999.[29]

On May 10, 1999 Petitioner City of Lakewood filed a notice of appeal to the Court of Appeals, Division Two.[30] On August 25, 2000 the Court of Appeals, Chief Judge David Armstrong writing, affirmed the judgment of the Superior Court, concluding the court could not look to the oral opinion of the federal court because the court's written decision was not ambiguous; Respondent's use of the proceeds could not be restricted; and there was no clear, cogent and convincing evidence upon which to impress a constructive trust.[31]

On October 18, 2000 Petitioner City of Lakewood filed a petition for review with this court, which was granted on February 6, 2001.[32]

The significant events in this case occurred in the following sequence:

---

[26] *Id.* at 149-57.

[27] *Id.* at 80.

[28] *Id.* at 177-78.

[29] *Id.* at 184, 225.

[30] *Id.* at 260.

[31] *City of Lakewood*, 102 Wn. App. 170.

[32] Pet. for Review at 1; Order of the Washington Supreme Court, *City of Lakewood v. Pierce County*, No 70297-7 (Feb. 6, 2001).

| | |
|---|---|
| June 22, 1992 | The United States District Court quieted title in Pierce County to Woodbrook Road.[33] |
| November 1, 1993 | The United States District Court awarded judgment to Pierce County for $3,817,266.00 against the United States.[34] |
| March 14, 1995 | Citizens voted to incorporate the City of Lakewood.[35] |
| May 25, 1995 | The United States paid Pierce County the sum of $4,020,107.91, the total judgment amount, plus interest.[36] |
| February 28, 1996 | The City of Lakewood was incorporated.[37] |

## DISCUSSION

### SUMMARY JUDGMENT

Summary judgment will be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[38] The moving party bears the burden of demonstrating there is no genuine dispute as to any material fact.[39] All facts and reasonable inferences are considered in a light most favorable to the nonmoving party.[40]

---

[33] *City of Lakewood*, 102 Wn. App. at 172. Clerk's Papers at 160.

[34] *Id.*

[35] *Id.* at 173.

[36] *Id.* at 172-73.

[37] *Id.* at 173.

[38] Clerk's Papers at 56.

[39] *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998) (citing *Lamon v. McDonnell Douglas Corp.*, 91 Wn.2d 345, 349, 588 P.2d 1346 (1979)).

[40] *Mountain Park Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994) (citing *Taggart v. State*, 118 Wn.2d 195, 199, 822 P.2d 243 (1992)).

Petitioner City of Lakewood makes assignments of error which are generally summarized as follows:[41]

> The Court of Appeals erred by imposing a standard of considering oral rulings only where the judgment is ambiguous rather than considering the oral decision so long as there is no inconsistency; the Court erred by discarding the facts of the case as spelled out in Judge Bryan's oral decision, when it concluded there was no clear, cogent and convincing evidence to impose a constructive trust; and the Court erred by construing Petitioner's argument to mean they were the intended beneficiaries of the constructive trust instead of the citizens affected by the closure of Woodbrook Road.

### CONSTRUCTIVE TRUSTS

 "Equitable relief is available only if there is no adequate legal remedy."[42] A constructive trust is an equitable remedy which arises when the person holding title to property has an equitable duty to convey it to another on the grounds that they would be unjustly enriched if permitted to retain it.[43] Constructive trusts are imposed when there is clear, cogent and convincing evidence of the basis for impressing the trust.[44]

 Petitioner City of Lakewood claims the Court of Appeals erred when it concluded that oral rulings should be considered only when the judgment is ambiguous.[45] The Court of Appeals cited *State v. Eppens* for that proposition.[46] The court concluded the judgment in this case is not ambiguous and contains no restrictions on use of the

---

[41] Pet. for Review at 2.

[42] *Orwick v. City of Seattle*, 103 Wn.2d 249, 252, 692 P.2d 793 (1984).

[43] *Baker v. Leonard*, 120 Wn.2d 538, 547-48, 843 P.2d 1050 (1993).

[44] *Id.*

[45] Pet. for Review at 1.

[46] *City of Lakewood*, 102 Wn. App. at 174. The Court of Appeals stated "[w]e consider oral rulings only where the judgment is ambiguous." *See State v. Eppens*, 30 Wn. App. 119, 633 P.2d 92 (1981).

proceeds.[47] If findings of fact are incomplete, the appellate court may look to the trial court's oral decision to eliminate speculation concerning the legal theory upon which the trial court based its decision.[48]

The Court of Appeals in *Eppens* concluded that "[a] trial court's oral decision may be considered, . . . in interpreting findings of fact and conclusions of law, so long as there is no inconsistency."[49] Petitioner correctly argues the court in *Eppens* did not indicate that oral rulings would be considered only when the judgment is ambiguous. The court in that case concluded that a trial court's oral decision may be considered to interpret findings of fact and conclusions of law so long as there is no inconsistency.[50] *Eppens* is distinguishable from this case because it is a criminal case involving interpretation of findings of fact and conclusions of law. This is a civil case involving interpretation of a judgment. When findings are incomplete, appellate courts may look to the trial court's oral decision to interpret the judgment.[51] Ambiguity is not required.

Petitioner argues the Court of Appeals erred by not considering the facts of this case as articulated in Judge Bryan's oral decision when it concluded there was no clear, cogent and convincing evidence upon which to impose a

---

[47] *City of Lakewood*, 102 Wn. App. at 174. The Court of Appeals indicated the judgment states that " '[t]he court finds total judgment to be in the amount of $3,817,266 in favor of the [the County] and against the [United States].' "

[48] *Schoonover v. Carpet World, Inc.*, 91 Wn.2d 173, 177, 588 P.2d 729 (1978); *see also Heikkinen v. Hansen*, 57 Wn.2d 840, 845, 360 P.2d 147 (1961) (When the findings of fact are incomplete or defective, the oral decision of the trial court eliminates any speculation as to the legal theory upon which the trial court based its decision.); *Bowman v. Webster*, 42 Wn.2d 129, 135, 253 P.2d 934 (1953) ("Where the findings of fact are incomplete or defective in some particular so that a doubt exists as to the theory on which the case was decided, we are sometimes able to overcome the difficulty by referring to the oral or memorandum decision of the trial court."); *Structurals N.W., Ltd. v. Fifth & Park Place, Inc.*, 33 Wn. App. 710, 715, 658 P.2d 679 (1983) ("In the absence of written findings this court may resort to the trial court's oral decision to determine the court's reasons for so deciding.").

[49] *Eppens*, 30 Wn. App. at 126.

[50] *See id.*

[51] *See Schoonover*, 91 Wn.2d at 177.

constructive trust.[52] Respondent contends that, although the court stated the judgment was not ambiguous and did not allow resort to an oral opinion, the court nevertheless did review the specifics of Judge Bryan's oral opinion and explained why it did not support Petitioner's case.[53]

Respondent is correct in asserting that the Court of Appeals considered Judge Bryan's oral decision. The Court of Appeals quoted the legal test set forth in that decision and discussed its substance, stating "Although the federal court in explaining its award discussed the cost of providing alternative traffic ways, the final judgment was general and simply awarded a dollar amount."[54] Although not required to do so,[55] the Court of Appeals considered the oral decision in reaching its conclusion that there was no clear, cogent and convincing evidence upon which to impose a constructive trust.[56]

Petitioner argues the Court of Appeals erred in construing its argument to mean it was seeking to become the beneficiary of the constructive trust when it was really claiming that citizens affected by the closure of Woodbrook Road are the beneficiaries.[57] Respondent Pierce County responds that Petitioner does not have standing to seek compensation on behalf of itself or any of its individual citizens. Respondent argues that even if Petitioner did have standing, the affected citizens have already settled with Pierce County and any further claims for damages are barred by the statute of limitations.[58]

---

[52] Pet. for Review at 1.

[53] Answer to Pet. for Review at 7.

[54] *City of Lakewood*, 102 Wn. App. at 175.

[55] *See Schoonover*, 91 Wn.2d at 177 (When the findings are incomplete, the appellate court *may* look to the trial court's oral decision.).

[56] Under Federal Rules of Civil Procedure, an oral decision may be used in conjunction with a written decision without reference to ambiguity. See FED. R. CIV. P. 52(a).

[57] Pet. for Review at 2.

[58] Answer to Pet. for Review at 12-13. Respondent does not cite any authority for

Standing is placed in issue when the question is whether the person whose standing is challenged is the proper party to request adjudication, and not whether the issue is justiciable.[59] To file an action for a constructive trust, the party must show the trust arose from the relationship of the parties involved[60] and that the property justly belongs to that party.[61] Bogert's treatise on trusts and trustees states:

> The court must give expression to the idea that the defendant has been under an equitable duty to give the complainant the benefit of the property *ever since the defendant began to hold unjustly*, by holding that the defendant has since the inception been in the same position as if he had been an express trustee of the property for the complainant.[62]

To establish a constructive trust, Petitioner must show it was entitled to the benefit of the property from the time Respondent Pierce County began to hold the funds.[63] Petitioner cannot show it has been entitled to the property since Respondent began holding the judgment proceeds because Petitioner City of Lakewood was not even in existence when the federal judgment was rendered on November 1, 1993. Petitioner was not incorporated until February 28, 1996. Petitioner is thus unable to meet the requirements for establishing a constructive trust in its favor against Respondent Pierce County.

The trial court and the Court of Appeals were correct in concluding that Petitioner City of Lakewood had not established a constructive trust by clear, cogent and convincing evidence.

---

its proposition that any further claims for damages are barred by the statute of limitations.

[59] *Flast v. Cohen*, 392 U.S. 83, 99, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968).

[60] *Nicolai v. Desilets*, 185 Wash. 435, 436-37, 55 P.2d 604 (1936).

[61] *Id.* at 437.

[62] GEORGE GLEASON BOGERT & GEORGE TAYLOR BOGERT, THE LAW OF TRUSTS AND TRUSTEES § 471, at 6 (rev'd 2d ed. 1978) (emphasis added).

[63] *See id.*

130

## SUMMARY AND CONCLUSIONS

Ambiguity need not be found before an appellate court may look to a trial court's oral decision to interpret a judgment rendered by the trial court. Although not required to do so, the Court of Appeals considered the oral decision of United States District Court Judge Robert J. Bryan in concluding there was no clear, cogent and convincing evidence upon which to impose a constructive trust in favor of Petitioner City of Lakewood against Respondent Pierce County. Petitioner City of Lakewood was not even in existence until more than two years after judgment was rendered in favor of Pierce County in the United States District Court for the Western District of Washington.

We affirm the decision of the Court of Appeals which affirmed the order of the Thurston County Superior Court granting summary judgment in favor of Respondent Pierce County.

ALEXANDER, C.J., and JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, and OWENS, JJ., concur.

[No. 69696-9. En Banc.]
Argued February 1, 2001. Decided July 12, 2001.