[No. 52934-5. En Banc. November 19, 1987.]

LAKE WASHINGTON SCHOOL DISTRICT NO. 414, *Respondent,* v. LAKE WASHINGTON EDUCATION ASSOCIATION, ET AL, *Appellants.*

*Catherine C. O'Toole*, for appellants.

*Robert P. Tjossem* and *David J. Smith* (of *Livengood, Silvernale, Carter & Tjossem*), for respondent.

*Donna L. Lurie* on behalf of Seattle Education Association, amicus curiae for appellants.

*John David Terry II* on behalf of Washington School Directors' Association and Yelm, Lakewood, Fife, and Endicott School Districts, amicus curiae for respondent.

DURHAM, J.—The principal issue in this case is if provisions in a collective bargaining agreement between a school district and a teachers' association which allow part–time teachers to transfer to full–time positions are void as an unlawful delegation of the school board's authority. We hold that the transfer provisions of the agreement in question are not void.

Lake Washington School District 414 and the Lake Washington Education Association entered into a collective bargaining agreement for 1983 to 1986. Article 25 of the agreement contains provisions governing transfers requested by employees. Employees on a continuing contract may file requests for transfers for the following school year. To be considered qualified for a position, the employee must have the required certification; a major or minor in the area as the position requires; satisfactory evaluation for the 2 successive years directly preceding the request for transfer; and training and/or successful experience which qualify for curriculum assignments listed in the position specifications. The contract further provides that an administrator will review the files of applicants who wish to transfer to a vacancy, in order to determine qualifications. If there is one qualified applicant for a vacancy, that applicant will be transferred to the vacant position. If

more than one qualified applicant applies, the person with the most seniority in his or her assignment will be given the transfer. If the applicants have equal seniority, the transfer will be given to the person on the higher educational lane on the salary schedule. If the applicants are on the same lane, the person with the most experience will be transferred. Article 25 does not explicitly address treatment of transfers to and from part–time and full–time positions, except that it states that the District will define vacancies as full– or part–time continuing contract positions.

Sandra LaBelle and Gail Novito worked as teachers for the District. In 1984, LaBelle and Novito had part–time positions and requested full–time positions for the 1984–85 school year. The District did not grant these requests and appointed other persons to the positions LaBelle and Novito had requested.

After the District denied their requests, LaBelle and Novito filed separate grievances. Their grievances were submitted to binding arbitration, and were consolidated for a hearing.

The District argued at the hearing that the collective bargaining agreement provided that part–time teachers were entitled to transfer only to equivalent part–time positions within the District and, therefore, LaBelle and Novito had no right to transfer to full–time positions under the agreement. However, the arbitrator ruled that the District violated the transfer provisions of the collective bargaining agreement by denying LaBelle's and Novito's requests to transfer to full–time positions. The arbitrator reasoned that article 25 did not expressly prohibit part–time employees from requesting transfers to full–time positions. He further observed that while other provisions of the agreement differentiated between part–time and full–time employees for other purposes, the transfer provisions made no such distinction. Therefore, part–time employees had the right to transfer to full–time positions as long as they met the qualifications for transfer set forth in the agreement. The arbitrator ruled that because LaBelle and Novito had more

seniority than the employees whom the District had appointed to the positions requested and there was no allegation that they did not meet the other qualifications for transfer in the collective bargaining agreement, the District had violated the agreement by not appointing LaBelle and Novito. The arbitrator ordered the District to appoint LaBelle and Novito to full–time positions for the 1985–86 school year, and to reimburse them for lost salary and benefits resulting from the violations.

The District filed a complaint in King County Superior Court, asking the court to vacate the arbitrator's award and to declare void the provisions of the collective bargaining agreement upon which the award was based. The trial court entered an order granting the District's motion for summary judgment. The court ruled that the arbitrator's interpretation of the collective bargaining agreement was reasonable, but vacated the award on the grounds that the arbitrator lacked jurisdiction over the subject matter and the dispute was not subject to arbitration. It determined that, pursuant to RCW 28A.58.099 and 28A.67.070, the District's school board had sole discretion to determine whether to employ teachers either for part–time or full–time positions. It reasoned that the transfer provisions of the collective bargaining agreement, as construed by the arbitrator, prevented the board from exercising this discretion, and therefore, such provisions were void as an unlawful delegation of the board's authority.

This court granted a motion by LaBelle, Novito, and the Lake Washington Education Association (appellants) for direct review of the trial court's decision.[1]

The principal issue before us is whether the transfer provisions of the collective bargaining agreement, as interpreted by the arbitrator, are void as an unlawful delegation

---

[1]Since the arbitrator entered his order, LaBelle has left the employ of the District, while Novito has been placed in a full–time position with the District for a reason apparently unconnected with the issue presented in this case. Hence, the award of lost salary and benefits is the only portion of the arbitrator's order which is still at stake in the present case.

of the school board's authority.[2] Appellants contend that the trial court erred in concluding that the transfer provisions of the agreement interfered with the exercise of the board's nondelegable authority by allowing part–time teachers to transfer to full–time positions.

Where a statute confers specific functions to school boards, those functions may not be delegated to others unless the statute expressly authorizes such delegation. *Noe v. Edmonds Sch. Dist. 15*, 83 Wn.2d 97, 103, 515 P.2d 977 (1973). A school board may not divest itself of powers and duties specifically placed within its exclusive control by statute. *Noe*, at 103; *Diedrick v. School Dist. 81*, 87 Wn.2d 598, 609, 555 P.2d 825 (1976). A delegation of the school board's powers and duties can only occur if authorized by the Legislature. *Noe*, at 103. *See also Pierce v. Lake Stevens Sch. Dist. 4*, 84 Wn.2d 772, 529 P.2d 810 (1974).

No statute expressly confers upon school boards the function of transferring part–time teachers to full–time positions. The District argues, however, that the power to transfer part–time teachers to full–time positions involves the exercise of the school board's nondelegable authority under RCW 28A.58.099 and 28A.67.070. RCW 28A.58.099 provides in pertinent part:

> Every board of directors, unless otherwise specially provided by law, shall:
> (1) Employ for not more than one year, and for sufficient cause discharge all certificated and noncertificated employees . . .

---

[2] The District argues in the alternative that the arbitrator erred in construing the transfer provisions of the agreement to mean that part–time teachers are entitled to transfer to full–time positions. The District contends that instead, these provisions should be interpreted such that part–time teachers may transfer only to equivalent part–time positions. We agree with the trial court, however, that the arbitrator's interpretation of the provisions was reasonable. As the arbitrator observed, the transfer provisions do not expressly prohibit part–time employees from transferring to full–time positions. In addition, while other sections of the agreement distinguish between part–time and full–time employees, the transfer provisions do not, except for stating that vacancies will be defined as part–time or full–time positions. Therefore, it is reasonable to construe the transfer provisions as allowing part–time teachers to transfer to full–time positions.

RCW 28A.67.070 provides in pertinent part:

> No teacher . . . or other certificated employee, holding a position as such with a school district . . . shall be employed except by written order of a majority of the directors of the district at a regular or special meeting thereof . . .

These statutes explicitly confer the authority to employ teachers upon school boards. Thus, the power to hire is a nondelegable prerogative of the board.

The District argues that the transfer of teachers from part–time to full–time positions is within the board's nondelegable authority to employ under these statutes. It contends that the decision to transfer a teacher from part–time to full–time status is essentially an employment decision because such a transfer increases the teacher's vested rights pursuant to provisions of RCW 28A.67.070 that address continuing contracts. Under these provisions, once the board decides to employ a teacher, it must enter into a written contract with that teacher for a term of not more than 1 year. A teacher who has a contract with the board is entitled to be reemployed in the following term on the same contractual terms, unless the contract is not renewed.[3] In this sense, the employment of a teacher gives that teacher a vested right to reemployment on terms that are the same as those in the current contract, absent nonrenewal.

We disagree with the District, however, that the transfer

---

[3] The pertinent portions of RCW 28A.67.070 provide as follows:

"The board shall make with each employee employed by it a written contract, which shall be in conformity with the laws of this state, and except as otherwise provided by law, limited to a term of not more than one year. . . .

"In the event it is determined that there is probable cause or causes that the employment contract of an employee should not be renewed by the district for the next ensuing term such employee shall be notified in writing on or before May 15th preceding the commencement of such term of that determination, which notification shall specify the cause or causes for nonrenewal of contract. . . . If any such notification or opportunity for hearing is not timely given, the employee entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his or her employment had actually been renewed by the board of directors for such ensuing term."

of a teacher from part–time to full–time status provides that teacher with greater rights under the continuing contract law, so that the board's nondelegable employment power is invoked. Under RCW 28A.67.070, all teachers, whether they are part time or full time, are entitled to continuing contracts that are identical to their current contracts, absent nonrenewal. Hence, part–time teachers who have transferred to full–time positions receive the same rights under the continuing contract law as they already had as part–time teachers. Like prior to transfer, they still have the right to employment in the next term on the same contractual terms that exist in their current contracts.

We agree with appellants that the transfer of a part–time teacher to a full–time position does not implicate the board's exclusive authority to employ under RCW 28A-.58.099 and 28A.67.070. A part–time teacher is already employed by the District. The transfer to a full–time position merely changes the teacher's work hours and salary.

In the Educational Employment Relations Act, RCW 41.59, the Legislature defined collective bargaining between school districts and their employees to include bargaining with respect to wages and hours. RCW 41.59.020(2). The District argues, however, that in RCW 41.59, the Legislature also limited the scope of collective bargaining, and that the subject of transfers from part–time to full–time positions was thereby excluded from bargaining. It relies upon RCW 41.59.930, which provides:

Nothing in this chapter shall be construed to interfere with the responsibilities and rights of the employer as specified by federal and state law, including the employer's responsibilities to students, the public, and other constituent elements of the institution.

Clearly, RCW 41.59.930 makes no specific reference to the decision regarding the transfer of teachers from part–time to full–time positions. Furthermore, because no other statute specifies that the employer has responsibilities and rights regarding such transfers, RCW 41.59.930 does not plainly preclude collective bargaining about them. The Dis-

trict argues, however, that this statute preserves the board's exclusive responsibility to manage educational policy so as to ensure a quality education, limiting collective bargaining with respect to such policy matters. The District further contends that the decision to transfer part–time teachers to full–time positions implicates this responsibility and, therefore, the transfer decision is not subject to collective bargaining.

The District relies on a number of cases from other jurisdictions in which courts held that certain decisions as to the transfer or reassignment of school district employees involved the board's exclusive authority to manage educational policy and, therefore, were not subject to collective bargaining or arbitration. None of these cases, however, concerned the decision to transfer part–time teachers to full–time positions. Furthermore, they generally involved decisions with greater potential effects on educational policy. *See, e.g., Board of Directors v. Maine Sch. Admin. Dist. 36 Teachers Ass'n,* 428 A.2d 419 (Me. 1981) (changing teacher's grade and subject assignment); *Board of Trustees v. Cook Cy. College Teachers, Local 1600,* 87 Ill. App. 3d 246, 408 N.E.2d 1026 (1980) (assignment of teaching programs, allotment of work, determination of seniority qualifications); *Berkshire Hills Regional Sch. Dist. Comm. v. Berkshire Hills Educ. Ass'n,* 375 Mass. 522, 377 N.E.2d 940 (1978) (promotion of teacher to principal); *Ridgefield Park Educ. Ass'n v. Ridgefield Park Bd. of Educ.,* 78 N.J. 144, 393 A.2d 278 (1978) (change in teacher's grade and subject assignment). Moreover, each of these cases concerned different statutes and collective bargaining agreements. It is essential to consider each case in the context of the particular statutory framework and collective bargaining agreement involved.

We acknowledge that RCW 41.59.930 indicates a general legislative intent that the school board will have the responsibility to manage the school district for the benefit of the students and the public, and that collective bargaining may not interfere with that responsibility. Furthermore,

it cannot be denied that the employment of teachers is a management responsibility which affects the quality of education. This is reflected in the Legislature's conferral of the employment power upon the board in RCW 28A.58.099 and 28A.67.070. Nevertheless, as we have noted above, the transfer of part–time teachers to full–time positions is not an employment decision per se, because such individuals are already employed as teachers. Moreover, under the collective bargaining agreement at issue here, a teacher must have received a satisfactory evaluation for the 2 consecutive years immediately preceding in order to be qualified for transfer. Through these evaluations, the District can exercise control over who will be transferred from part–time to full–time positions and ensure that such transfers will not adversely affect the quality of education. Therefore, we conclude that the transfer provisions of the collective bargaining agreement in this case do not interfere with the board's authority to manage educational policy.

We hold that the District had the authority to agree to the provisions in this collective bargaining agreement which allow part–time teachers to transfer to full–time positions. No statute explicitly states that the decision to transfer a part–time teacher to full–time status is a nondelegable power of the school board. Furthermore, we do not believe that the transfer provisions of this agreement interfere with the school board's general authority to manage educational policy. Therefore, these provisions, as interpreted by the arbitrator, are not void as an unlawful delegation of the school board's authority. If the District is dissatisfied with the current provisions, it may return to the bargaining table and seek to modify or eliminate them in future collective bargaining agreements.

The order on summary judgment is reversed and the matter is remanded for further proceedings.

DOLLIVER, DORE, ANDERSEN, and GOODLOE, JJ., concur.

BRACHTENBACH, J. (dissenting)—The majority holds that a school board decision to hire a part–time teacher is the same as a school board decision to hire a full–time teacher. Such former part–time teacher becomes a full–time teacher with a vested right to continue thereafter as a full–time teacher upon identical contract terms, absent cause for nonrenewal. RCW 28A.67.070. In other words, the result of the majority's holding is that when a school board decides that a teacher is qualified to teach part–time, they are really deciding that when there is a full–time vacancy, the board has already hired the full–time teacher, for the initial year and for all future years under the continuing contract law.

The majority speculates that the unilateral decision of a part–time teacher to transfer to a full–time position is not an employment decision because "[t]he transfer to a full–time position merely changes the teacher's work hours and salary."

There is absolutely nothing in the record to support this speculative conclusion. The *only* relevant evidence in the record is an affidavit of the District's personnel director. His affidavit points out that the need for part–time teachers is in most instances not determined until sometime *during* the school year. A smaller pool of applicants is then available than in the summer when most full–time positions are filled. His affidavit, uncontradicted, is that at that stage the District has already chosen the best candidates for full–time positions and that because of the smaller pool and the immediate need for a part–time teacher, the screening is not the same as for full–time teachers. Further, the part–time hires "have not in general been as of high a quality as would be available when the District normally fills its full–time vacancies during the summer vacation period." Clerk's Papers, at 120. The personnel director concludes: "[t]hus, in many instances the District would not have hired the part–time teachers on a full–time basis and this has been a long–standing practice and policy of the District." Clerk's Papers, at 120.

Despite the majority's conclusion, this case actually is simply a question of determining legislative intent. The majority and I agree that "the power to hire is a nondelegable prerogative of the board." Majority, at 432. That conclusion is inescapable. The statute and practice is absolutely clear: "No teacher . . . shall be employed except by written order of a majority of the directors of the district" and the contract is "limited to a term of not more than one year." RCW 28A.67.070.

Likewise, the majority and I agree that "[a] school board may not divest itself of powers and duties specifically placed within its exclusive control by statute." Majority, at 431. That is the holding of *Noe v. Edmonds Sch. Dist. 15*, 83 Wn.2d 97, 103, 515 P.2d 977 (1973).

The question then is not the meaning of the collective bargaining agreement, but more fundamentally, was it permissible for the district to bargain away its duty and decisionmaking power as to whom to employ as a full–time teacher? The collective bargaining agreement makes automatic the employment of a full–time teacher by transfer to a vacancy of a person hired as a part–time teacher.

Despite many legislative and judicial changes in the legal relationship between school districts and their certificated employees, the power and duty of the school board to make employment decisions has remained vested explicitly in the board since statehood. Laws of 1890, § 26, p. 364.

The Legislature reaffirmed this strong statement of the duty of the board when, in the Educational Employment Relations Act, it provided that nothing in that act shall be construed to interfere with the responsibilities and rights of the employer as specified by state law, including its responsibilities to students, the public and other constituent elements of the institution. RCW 41.59.930.

Given this clear and exclusive right and duty of the board to make employment decisions, I conclude that it is the legislative intent that a decision to hire a full–time teacher must be made by the board. Thus, the board cannot abdicate that duty by providing an automatic transfer

right to part–time teachers.

I recognize that there may be valid educational/personnel goals to support vesting such rights in part–time teachers. However, the only factual material in this record is very explicitly to the effect that it is not a desirable policy, at least as hiring practices are in fact implemented in the very district in question.

By this record and common sense I am persuaded that the result of the majority is not the intent of the statute. If that result is a desirable one, it should be expressed by a specific legislative act.

I would affirm the trial court which more succinctly stated my position, to wit: "I find that any such transfer would require board approval since the teacher would receive increased vested rights. Therefore, such transfers are new appointments requiring the independent exercise of the Board's discretionary employment power under RCW 28A.58.099." Verbatim Report of Proceedings, at 6.

PEARSON, C.J., and UTTER and CALLOW, JJ., concur with BRACHTENBACH, J.

Reconsideration denied June 15, 1988.