[No. 43383-1-I. Division One. December 6, 1999.]

LAURIE McCORMICK, *Appellant*, v. LAKE WASHINGTON
SCHOOL DISTRICT, *Respondent*.

108

*Jean Marie Schiedler-Brown*, for appellant.

*Patricia K. Buchanan* of *Lee, Smart, Cook, Marten & Patterson, P.S.*; and *Christopher L. Marzetti*, for respondent.

APPELWICK, J. — Laurie McCormick appeals a summary judgment order dismissing her claims based on her termination from employment at Lake Washington School District. Board approval and a written contract are required for teacher employment. Because of a negative reference check, McCormick received no written contract offer or Board approval, but she claims that a District representative with apparent authority to hire her made a verbal offer of employment and induced reliance that created employment by estoppel. As an experienced teacher in the state, McCormick knew or should have known that a written contract and Board approval were required. Because she is not entitled to rely, the court affirms the trial court's summary judgment order.

## FACTS

Appellant Laurie McCormick is a certified teacher in Washington. McCormick has worked in her profession since September of 1979. She was employed by respondent Lake Washington School District (District) between September 8, 1994 and October 6, 1994.

McCormick applied for a contractual position as a half-time special education teacher with the District in August 1994. McCormick claims that she did not apply for a substitute teaching position. McCormick filled out the "Certificated Application Form," not the "Application for Substitute Teaching" form. But, during the application process, Carol Stolz, the Personnel Employment Coordinator for the District, completed a "Certificated Employment Requisition" form indicating that McCormick was a substitute teacher.

The District interviewed McCormick twice. Becky Anderson, a coordinator of special services for the District, interviewed McCormick first, followed by Tim Stonich, the Athletic Director. After the interviews, Anderson asked McCormick: "Do you still want the job?" She answered "yes." Anderson asked McCormick to call Linda Whitehead, the

principal at Evergreen Junior High School in Redmond. McCormick called and introduced herself as the new half-time special education teacher. McCormick ceased her job searches with two other school districts because of her new job.

McCormick was in the classroom teaching during the first two weeks of school and her name appeared on a master-scheduling list that included permanent teachers but not substitutes. McCormick was paid substitute wages. Anderson had told McCormick that she would receive substitute wages until the paperwork was all filled out and processed. McCormick never signed a written contract and did not receive any benefits.

McCormick provided references from past employers. Anderson contacted those references and McCormick received a negative recommendation. McCormick was not recommended to the District's Board of Directors because of negative references. McCormick was offered the opportunity to serve as a substitute until a permanent position was filled, but did not accept.

McCormick filed a lawsuit against the District on October 2, 1997, based on the following arguments: (1) wrongful termination, adverse action and employment contract violation; (2) violation of procedural due process rights; and (3) negligent and tortious conduct. The District filed a motion for summary judgment on June 18, 1998, claiming that McCormick did not have a contract and was never a permanent employee of the district. McCormick then filed a supplemental declaration on July 13, 1998. The declaration contained facts not presented in the deposition. The District filed a motion to strike McCormick's supplemental declaration, but the motion was not granted. The trial court granted the District's motion for summary judgment on July 24, 1998, making no specific findings. The trial court denied McCormick's motion for reconsideration.

## ANALYSIS

In reviewing a summary judgment order, the Court of

Appeals engages in the same inquiry as the trial court, evaluating the matter de novo. *Kruse v. Hemp*, 121 Wn.2d 715, 722, 853 P.2d 1373 (1993). The appellate court considers the facts submitted and all reasonable inferences from those facts in the light most favorable to the nonmoving party. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. CR 56(c); *Kruse*, 121 Wn.2d at 722.

We first consider whether McCormick's affidavit contradicts her prior sworn deposition. McCormick says she filed the declaration to clarify specific facts and circumstances regarding her employment status, and that the declaration does not contradict her earlier deposition. The District argues that McCormick's declaration contradicts her recorded deposition on numerous salient issues. The District further argues that McCormick's declaration was created solely to introduce an issue of material fact where there is none.

Self-serving affidavits contradicting prior depositions cannot be used to create an issue of material fact. " 'When a party has given clear answers to unambiguous [deposition] questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.' " *Klontz v. Puget Sound Power & Light Co.*, 90 Wn. App. 186, 192, 951 P.2d 280 (1998) (quoting *Marshall v. AC&S, Inc.*, 56 Wn. App. 181, 185, 782 P.2d 1107 (1989)). But in *Safeco Ins. v. McGrath*, 63 Wn. App. 170, 817 P.2d 861 (1991), the court found the above rule inapplicable where the subsequent sworn testimony was not in "flat contradiction" to previous testimony. In *Safeco*, the subsequent testimony was used to offer explanation of the prior sworn statements. 63 Wn. App. at 174-75.

McCormick's declaration presents a different account than the prior deposition. First, when asked whether

Anderson personally had authority to offer her a position, McCormick answered: "I don't know about that." In her declaration, however, McCormick says unequivocally that Anderson had apparent authority. Second, when asked whether the alleged offer of employment was a simple question, "[d]o you still want the job?" and nothing more specific, McCormick answered "yes." In her declaration, McCormick attests that Becky Anderson expressly offered her the position of .5 special education teacher. Finally, McCormick claims in her declaration that after the District received the negative references, Anderson told her that the offer of "permanent employment" was "revoked" immediately. But McCormick does not mention this in her deposition. In fact, in her deposition she said that Anderson had mentioned that "there was no way they could offer me anything . . . ."

McCormick's declaration presents new information and a different recollection of events. Her declaration represents a change in testimony and does not merely explain her prior deposition. McCormick's declaration is in "flat contradiction" to her deposition and therefore may not be used to determine whether issues of material fact exist.

McCormick's claims turn on whether she was a permanent employee. McCormick argues that the court's decision to grant summary judgment was erroneous because Anderson had apparent authority to hire permanent employees and made an offer of employment to her. McCormick argues that a verbal contract was formed. The District, on the other hand, argues that no permanent employment existed. The District contends that permanent employment is a function of the District's Board of Directors (Board) and requires a written contract. RCW 28A.405.210. Because no written contract exists and the Board never acted, the District argues that there is no issue of material fact to address.

McCormick claims that Anderson made a verbal offer of employment. She relies on *Schoonover v. Carpet World, Inc.*, 91 Wn.2d 173, 588 P.2d 729 (1978), in arguing that

the District's agent, Anderson, had apparent authority to bind the District. In *Schoonover*, the plaintiff claimed that defendant Carpet World's employee, Rodriguez, had apparent authority to bind the defendant to an employment contract. Rodriguez was the only permanently assigned salesman to the Lynwood Carpet World. Rodriguez hired the plaintiff for an hourly salary plus sales commission. The defendant's president and sales manager had knowledge of plaintiff's employment at the store, and a number of sales invoices that bore plaintiff's signature as "representative" were sent from the outlet to the corporate office. The court held that the defendant's actions clothed its agent, Rodriguez, with apparent authority to hire and bind the defendant to the terms of the employment contract. *Id.* at 179-80.

■ As a matter of law, Anderson could not have apparent authority. Permanent employment contracts for public schools are governed by statute. The governing statute rests hiring authority on the Board:

> No teacher, . . ., hereinafter referred to as "employee," shall be employed except by written order of a majority of the directors of the district at a regular or special meeting thereof . . . .

> The [B]oard shall make with each employee employed by it a written contract, which shall be in conformity with the laws of the state, and except as otherwise provided for by law, limited to a term of not more than one year. Every such contract shall be made in duplicate, one copy to be retained by the school district superintendent or secretary and one copy to be delivered to the employee.

RCW 28A.405.210. A Board may not divest itself of specific functions delegated by statute. *Lake Wash. Sch. Dist. No. 414 v. Lake Wash. Educ. Ass'n*, 109 Wn.2d 427, 431-32, 745 P.2d 504 (1987) (citing *Noe v. Edmonds Sch. Dist. No. 15*, 83 Wn.2d 97, 103, 515 P.2d 977 (1973)). The power to hire is a nondelegable prerogative of the Board. *Lake Wash.*, 109 Wn.2d at 431-32.

 Unilateral action by the agent does not bind the principal. *Smith v. Hansen, Hansen & Johnson, Inc.*, 63 Wn. App. 355, 362-66, 818 P.2d 1127 (1991). Apparent authority is not inferred from the agent's actions: "[a]n agent's apparent authority to bind a principal depends upon the objective manifestations of the principal to a third person." *State v. French*, 88 Wn. App. 586, 595, 945 P.2d 752 (1997) (citing *King v. Riveland*, 125 Wn.2d 500, 507, 886 P.2d 160 (1994)). The principal must have knowledge of the act committed by its agent. *French*, 88 Wn. App. at 595, (citing *State v. Parada*, 75 Wn. App. 224, 231, 877 P.2d 231 (1994)). The principal may also be bound by the agent's actions if he places the agent in a position that persons of " 'ordinary prudence, reasonably conversant with business usages and customs, are thereby led to believe and assume that the agent is possessed of certain authority, and to deal with him in reliance of such assumption.' " *Schoonover*, 91 Wn.2d at 177 (quoting *Lumber Mart Co. v. Buchanan*, 69 Wn.2d 658, 662, 419 P.2d 1002 (1966)).

The facts here are distinguished from *Schoonover* where there was no statute that governed employment. Here, the District did not take action that indicated Anderson had apparent authority to hire as a permanent versus substitute teacher. Between September 8 and October 6, 1994, McCormick received substitute wages and did not receive any benefits. Anderson, the agent, cannot unilaterally bind the District, the principal. More importantly, the Board never approved McCormick's employment. The Board hires by written contract. McCormick received her professional education certificate in 1983. She worked as a certificated teacher between 1984-1993. McCormick has also worked as a substitute for a number of school districts in the state. She therefore should have been familiar with the public school hiring procedure. McCormick therefore should have known that a written contract is required and that she

could not rely on the alleged oral offer of permanent employment.

## WRONGFUL TERMINATION

■ McCormick's wrongful termination claim turns on whether she was a permanent employee. She says the District hired her as a permanent teacher, not a substitute. McCormick claims her employment was wrongfully terminated and that her contract was violated.

Wrongful termination assumes lawful employment. McCormick was employed with the District between September 8, and October 6, 1994. McCormick never signed a written contract. The Board never met to discuss her employment as required by statute. McCormick's argument that she was a permanent teacher is based solely on Anderson's representations. Because Anderson had no statutory authority to hire, McCormick was not a permanent employee, but a substitute teacher. Even if we accept McCormick's statement in her declaration that Anderson "revoked" the offer of permanent employment, there is no issue of material fact regarding whether McCormick was wrongfully terminated. Absent a written contract, McCormick was employed "at will" and may therefore be terminated "at will." Since there was no Board approval of a written contract, we must uphold the trial court's order for summary judgment.

## DUE PROCESS

■ McCormick claims that her due process rights were violated. Whether McCormick's due process rights were infringed turns on her employment status.

A unilateral expectation of employment does not create a due process right. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). Contractually certified teachers, however, have certain statutory safeguards. RCW 28A.405.210 requires notice and opportunity for hearing in the event an "employee['s]" contract is not renewed.

McCormick relies on several cases in arguing that she has more than a unilateral expectation of employment. *See Francisco v. Board of Dirs. of Bellevue Pub. Schs., Dist. No. 405*, 11 Wn. App. 763, 771-72, 525 P.2d 278 (1974); *State ex rel. Beam v. Fulwiler*, 76 Wn.2d 313, 316-17, 456 P.2d 322 (1969); *Hurst v. Farmer*, 40 Wn. App. 116, 697 P.2d 280 (1985). *Francisco* and *Beam* are easily distinguished from this case because there the employees were hired with Board approval. The facts in *Hurst* are also different. In *Hurst* the defendant was a private employer. The court held that plaintiff was not deprived of due process because there was no state action.

Here, McCormick's dealings with Anderson, not the Board, caused her to believe that she was a permanent employee and not a substitute. McCormick was a substitute teacher employed "at will." As an "at will" employee she is not entitled to due process as a matter of law, and therefore summary judgment was proper.

### NEGLIGENCE AND NEGLIGENT MISREPRESENTATION

McCormick argues that genuine issues of material fact exist regarding whether the District was negligent in hiring, because of a failure to follow statutory procedures, and whether the District negligently misrepresented her employment status.

The District has a duty to comply with statutory procedures, but it need not exceed that requirement. McCormick argues that the District was negligent in failing to inform her that she was only a temporary employee at the time she took the job. But she provides no statutory authority prescribing the heightened duty. This court will not consider arguments "not supported by any reference to the record nor by any citation of authority[.]" *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (citing RAP 10.3(a)(5)). Here, McCormick does not

introduce authority establishing the alleged duty and therefore her negligence claims fail.

### PROMISSORY ESTOPPEL

■ McCormick argues that equitable estoppel applies. She says that even if Anderson did not have statutory or apparent authority to hire, the doctrine of equitable estoppel creates a permanent employment relationship. Although McCormick sets forth the elements of promissory estoppel, she mistakenly labels them equitable estoppel. Equitable estoppel is available only as a defense to claims against enforcement of a contract: it is a "shield" while promissory estoppel can be used as a "sword" in a cause of action for damages. *Klinke v. Famous Recipe Fried Chicken, Inc.*, 94 Wn.2d 255, 259, 616 P.2d 644 (1980). Because this is an action for damages, promissory estoppel, not equitable estoppel, applies. In essence, McCormick is arguing that she was a permanent employee of the District under the doctrine of promissory estoppel.

■ The court has described the five elements of a promissory estoppel claim: (1) a promise, (2) that promisor should reasonably expect to cause the promisee to change his position, and (3) actually causes the promisee to change position, (4) justifiably relying on the promise, (5) in such a manner that injustice can be avoided only by enforcement of the promise. 25 DAVID K. DEWOLF & KELLER W. ALLEN, WASHINGTON PRACTICE: CONTRACT LAW AND PRACTICE § 6 (1998) (citing *Havens v. C&D Plastics, Inc.*, 124 Wn.2d 158, 876 P.2d 435 (1994)).

Here, whether an issue of material fact exists turns on whether a promise was made. In her deposition, McCormick says that Anderson's promise was based on the question: "Do you still want the job?" Further, Anderson asked McCormick to call the principal and introduce herself.

■ ■ A promise is a "manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made." RESTATEMENT (SECOND) OF CONTRACTS § 2 (1981).

118

This element is not satisfied if the promise is made by an unauthorized agent. *King v. Riveland*, 125 Wn.2d 500, 506, 886 P.2d 160 (1994) (citing *Corbit v. J.I. Case Co.*, 70 Wn.2d 522, 539, 424 P.2d 290 (1967)). Here, Anderson has no actual or apparent authority to hire permanent certified employees. That function is statutorily reserved for the Board. Therefore, Anderson is incapable of making a promise to McCormick and promissory estoppel does not apply.

Even if Anderson had authority to bind the District, McCormick is not entitled to rely. The statute requires that teachers sign a written contract. Public policy requires a background check before teachers are permanently employed. Teachers should be aware of the statutory procedures. An applicant is not entitled to rely where statutory procedure is not followed. McCormick was paid substitute wages. She knew that her paperwork had to be processed and her references reviewed. As a matter of law, she should have known that she was not permanently employed and therefore was not entitled to rely on Anderson's representations. Accordingly, we affirm the trial court's order of summary judgment.

WEBSTER and COX, JJ., concur.