

COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 NOV 25 AM 9: 41

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JERMAINE DOSS, | ) | NO. 68706-9-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF SEATTLE, WASHINGTON, | ) | UNPUBLISHED OPINION |
| a governmental entity, | ) | |
| | ) | FILED: November 25, 2013 |
| Respondent. | ) | |
| | ) | |

LAU, J. — Jermaine Doss sued the City of Seattle for injuries he sustained when he fell while walking in downtown Seattle. The trial court granted summary judgment in favor of the City. Because Doss failed to demonstrate a genuine issue of material fact for trial, we affirm the trial court's order.

## FACTS

Jermaine Doss fractured his arm when he tripped and fell while walking in the Belltown neighborhood of Seattle in September 2007. In 2008, Doss filed an action for personal injuries against the City of Seattle and the owners of an adjacent private business.

The City moved for summary judgment, arguing that it had no notice of any dangerous condition that existed on the city sidewalk where Doss fell and because the sidewalk was not, in fact, unreasonably dangerous. In support of its motion, the City submitted the declaration of a Department of Transportation engineer who visually inspected the sidewalk and also searched City records and determined that no one had complained about the condition of the sidewalk before Doss's accident. The trial court granted the City's motion and dismissed Doss's claims against the City without prejudice.[1]

Doss filed a second lawsuit based on the same incident in 2010. The City again moved for summary judgment, arguing that Doss failed to identify a dangerous condition and, because he could not explain the mechanism of his injury, could not prove causation.[2]

The City pointed out that when an investigator interviewed Doss in 2008, he indicated that he tripped on an uplifted sidewalk panel on the building side of the sidewalk. However, when he was deposed in 2011, Doss denied tripping on the raised portion of the sidewalk he previously identified. Doss maintained that he could not have tripped on the building side of the sidewalk because he ended up lying some distance

---

[1] The claims against the adjacent business owners were dismissed with prejudice.

[2] Although the City raised the affirmative defense of res judicata, it did not rely on this theory as a basis for summary judgment. While dismissal of an action "with prejudice" is a final judgment on the merits of a controversy for purposes of res judicata, Berschauer Philips Constr. Co. v. Mutual of Enumclaw Ins. Co., 175 Wn. App. 222, 228 n.11, 308 P.3d 681 (2013), a dismissal without prejudice is arguably not. See Pederson v. Potter, 103 Wn. App. 62, 70, 11 P.3d 833 (2000).

away in the street. He still insisted that he tripped on the sidewalk, but could not say exactly how or where.

In response to the City's motion, Doss submitted a declaration stating that he had recently become aware of an eyewitness statement that described him staggering on the sidewalk by the curb, and his "memory came back." Doss said he actually tripped, not on the sidewalk, but on a protruding tree root while he was "moving between the curb and the planter trees." Doss argued that summary judgment should be denied because the partially exposed tree root was a dangerous condition for which the City was liable.

The trial court granted the City's motion and dismissed Doss's lawsuit. Doss appeals.

## ANALYSIS

Doss contends there is a genuine issue of material fact that precludes summary judgment. Specifically, Doss claims there is an issue of fact as to whether the City fulfilled its duty to maintain the sidewalk and ensure that trees planted in unpaved squares between the curb and the sidewalk do not pose an unreasonable risk of harm to pedestrians using the sidewalk.

We review summary judgment de novo and engage in the same inquiry as the trial court. Heath v. Uraga, 106 Wn. App. 506, 512, 24 P.3d 413 (2001). Summary judgment is proper if the pleadings, depositions, answers, and admissions, together with the affidavits, show that there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. CR 56(c). This court construes facts and reasonable inferences from those facts in the light most favorable to the

nonmoving party. Michak v. Transnation Title Ins. Co., 148 Wn.2d 788, 795, 64 P.3d 22 (2003).

Doss initially alleged that he tripped on the sidewalk, but he failed to identify any condition that made the sidewalk unsafe for ordinary travel. Doss expressly repudiated his 2008 statement that he tripped on the lip of a raised sidewalk panel depicted in a photograph of the area. He remembered walking in the middle of the sidewalk, then "the only thing in my recollection is, I remember ending up in the street with a fractured arm." He could not say exactly what caused him to trip or where it happened.

> [M]y feet got caught on that sidewalk. And at the time, I know if you look at the sidewalk, it could be ... numerous places, but I remember hitting my—hitting my big toe on the concrete, catching . . . the lip on that side of my right toe. I remember that. And I remember my arms extending out and me ending up with a fractured arm.

But the fact that an accident and injury occurred does not, by itself, necessarily give rise to an inference of negligence. Marshall v. Bally's Pacwest, Inc., 94 Wn. App. 372, 377, 972 P.2d 475 (1999). As a plaintiff alleging negligence, Doss was required to establish the existence of a duty, a breach thereof, a resulting injury, and proximate causation between the breach of duty and the resulting injury. Wilson v. City of Seattle, 146 Wn. App. 737, 741, 194 P.3d 997 (2008). Doss's testimony about falling on the sidewalk failed to establish a factual basis to support the elements of breach and causation.

Doss's later declaration opposing summary judgment provides a different account of the accidence and identifies a protruding tree root as the unreasonably dangerous and injury-causing condition. But Doss cannot rely on a self-serving declaration contradicting his earlier unambiguous deposition testimony that he tripped on the sidewalk to create a genuine issue of fact for trial. Klontz v. Puget Sound Power

& Light Co., 90 Wn. App. 186, 192, 951 P.2d 280 (1998) (self-serving affidavits contradicting prior depositions cannot be used to create an issue of material fact); McCormick v. Lake Washington Sch. Dist., 99 Wn. App. 107, 111, 992 P.2d 511 (1999) (accord). Doss explained that he did not independently remember how he fell until years after the incident when an eyewitness's testimony "brought back a memory [he] had wiped out." He remembered that when he fell, he was crossing the planted area to avoid oncoming foot traffic. This declaration testimony flatly contradicts Doss's earlier testimony that he tripped on concrete while on the sidewalk. Doss offers no adequate or plausible explanation for why he accurately remembers the accident more than four years after it occurred.

Moreover, the declaration does not create a genuine issue of material fact for trial. Doss's new iteration of his claim involves a condition on a "[l]andscaped area between the sidewalk and street curb . . . ," known as a parking strip or a planting strip. Hoffstatter v. City of Seattle, 105 Wn. App. 596, 598 n.1, 20 P.3d 1003 (2001). Tree roots in this type of area are not unreasonably dangerous. As this court stated in Hoffstatter, in contrast to pedestrians on sidewalks, it is reasonable to assume that pedestrians will take greater care when crossing landscaped parking strips:

> [A] reasonably safe condition is not the same for a parking strip as it is for a sidewalk because their purposes are different. In contrast to a sidewalk, which is devoted almost exclusively to pedestrian use, parking strips frequently contain such objects as power and communication poles, utility meters and fire hydrants. As in this case, parking strips frequently are used for beautification, such as grass, shrubbery, trees or other ornamentation. It is certainly true that pedestrian use of parking strips must be anticipated. But they are not sidewalks and cannot be expected to be maintained in the same condition.

Hoffstatter, 105 Wn. App. at 600 (footnotes omitted).

In Hoffstatter, a pedestrian sued the City and adjacent property owners after she tripped over uneven bricks surrounding a tree on a parking strip between a sidewalk and a roadway. Hoffstatter, 105 Wn. App. at 598. The court determined that the uneven bricks were not unreasonably dangerous as a matter of law because the condition was open and obvious. Hoffstatter, 105 Wn. App. at 601. In reaching this conclusion, the court noted that it is "a common condition" for tree roots to dislodge pavement on parking strips and that the bricks were "not hidden." Hoffstatter, 105 Wn. App. at 601. Similarly, in Wilson, this court affirmed summary judgment because the injury-causing condition—a manhole cover on parking strip—was not unreasonably dangerous. Wilson, 146 Wn. App. at 742. Like tree roots, manholes are common in that location, the cover was open and obvious and specifically known to the plaintiff, and pedestrians are expected to pay attention while crossing a parking strip. Wilson, 146 Wn. App. at 742. Doss relies on Rosengren v. City of Seattle, 149 Wn. App. 565, 205 P.3d 909 (2009), to no avail. The plaintiff in Rosengren fell on a raised portion of a city sidewalk caused by roots of trees that were planted by the owners of adjacent private property. Rosengren involved the duty owed by the private property owners with respect to a sidewalk, when trees they planted created an arguably dangerous condition on the sidewalk. Rosengren, 149 Wn. App. at 575. But unlike that of the plaintiff in Rosengren, Doss's claim does not involve a hazardous sidewalk. While he initially reported falling on the sidewalk, he failed to identify a specific tripping hazard. He now claims that he fell on an unobscured protruding tree root in the parking strip. But as we observed in Hoffstetter, protruding tree roots are common in such areas and do not

constitute an unreasonably dangerous condition, given that pedestrian travel is not the primary purpose of these areas.

We affirm the trial court's order of summary judgment.

WE CONCUR:

_____ Jau, J.

Spearman, A.C.J.

_____ Cox, J.