IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| NORMAN HALL, | No.  53665-0-II |
| Appellant, | |
| v. | |
| YELM COMMUNITY SCHOOLS NO. 2, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — Yelm Community Schools No. 2 (the District) employed Norman Hall as a school psychologist for the 2017-18 school year.  Although the District presented Hall with a contract for the 2018-19 school year, the contract was not approved by the Yelm School Board of Directors (Board), and the District did not renew Hall's contract.  Hall brought suit, claiming that the District's nonrenewal was a breach of contract.  The District moved for summary judgment dismissal, which the trial court granted.  On appeal, Hall argues that the District breached the 2018-19 school year contract.

We hold that the District did not breach the 2018-19 school year contract.  Thus, we affirm.

FACTS

In April 2018, the District hired Hall as a school psychologist for the remainder of the 2017-18 school year.  Shortly thereafter, Hall's supervisors became concerned with his work performance.

On May 10, the District's human resources director provided Hall with an employment contract for the 2018-19 school year. This contract was already signed by the District's superintendent, Brian Wharton. Hall returned a signed copy of the employment contract the following day.

The 2018-19 contract stated that (1) the contract was between the Board and Hall and issued by order of the Board, (2) Hall was to be employed for the 2018-19 school year, (3) the contract was subject to the collective bargaining agreement (CBA) between the Board and the Yelm Education Association, and (4) if any provision of the contract was inconsistent with the CBA, the terms of the CBA shall prevail. The CBA stated, "No contract is effective until approval by a majority of the Board of Directors."[1] Clerk's Papers (CP) at 39.

On May 15, 2018, Wharton gave Hall a nonrenewal letter which stated that Wharton would recommend to the Board that Hall's employment contract not be renewed for the 2018-19 school year. Hall requested that Wharton reconsider this recommendation, but Wharton declined. The Board accepted Wharton's recommendation at a Board meeting on June 26 and declined to renew Hall's contract for the 2018-19 school year.

Hall filed a complaint, alleging that he and the District had entered into a binding contract for the 2018-19 school year, which the District breached. The District filed a motion for summary judgment dismissal, arguing that it had not entered into a contract because the Board had not approved it. In support of its motion for summary judgment, the District submitted, among other evidence, minutes of Board meetings which included the Board's approval of

---

[1] "Board of Directors" means the school board. *See* RCW 28A.150.230.

contracts and terminations for individual employees. The trial court granted the District's motion. Hall now appeals the order granting summary judgment.

ANALYSIS

Hall argues that the District breached the 2018-19 contract. Specifically, Hall argues that the contract was fully executed when he signed it, and the Board delegated its contracting authority. We disagree.

A.      *Legal Principles*

We review summary judgment decisions de novo and perform the same inquiry as the superior court. *Lakey v. Puget Sound Energy, Inc*., 176 Wn.2d 909, 922, 296 P.3d 860 (2013). We view the evidence, and all reasonable inferences therefrom, in the light most favorable to the nonmoving party. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. CR 56(c). "A material fact is one upon which the outcome of the litigation depends." *In re Estate of Black*, 153 Wn.2d 152, 160, 102 P.3d 796 (2004).

The hiring, retention, and release of teachers or other certificated employees is governed by statute. Ch. 28A.405 RCW. The pertinent statute provides that "[n]o teacher . . . or other certificated employee, holding a position as such with a school district . . . shall be employed except by written order of a majority of the directors of the district at a regular or special meeting thereof." RCW 28A.405.210; *McCormick v. Lake Wash. Sch. Dist.*, 99 Wn. App. 107, 113, 992 P.2d 511 (1999).

A provisional teacher is one who has been employed as a certificated teacher for less than three years. RCW 28A.405.220(1). The parties agree that Hall was employed as a provisional teacher. A provisional certificated employee is subject to nonrenewal of his employment contract. RCW 28A.405.220(1).

"In the event the superintendent of the school district determines that the employment contract of any provisional employee should not be renewed by the district for the next ensuing term, such provisional employee shall be notified thereof in writing on or before May 15th preceding the commencement of such school term." RCW 28A.405.220(2). If the superintendent determines that a provisional certificated employee's contract should not be renewed, the provisional certificated employee is provided with a review process, first with the superintendent and then with the school district board of directors. RCW 28A.405.220(3)-(4).

Contracts between school district employees and a school district board of directors are governed by the general principles of contract law. *Barendregt v. Walla Walla Sch. Dist. No. 140*, 87 Wn.2d 154, 158, 550 P.2d 525 (1976). Where contract interpretation does not require consideration of extrinsic evidence, it presents only an issue of law. *Viking Bank v. Firgrove Commons 3, LLC*, 183 Wn. App. 706, 711, 334 P.3d 116 (2014). Absent disputed facts, we review de novo the legal effect of a contract. *Viking Bank*, 183 Wn. App. at 712.

Our primary objective in contract interpretation is to ascertain the mutual intent of the parties at the time they executed the contract. *Int'l Marine Underwriters v. ABCD Marine, LLC*, 179 Wn.2d 274, 282, 313 P.3d 395 (2013) (plurality opinion). We focus on the objective manifestations of intent in the contract itself, rather than the parties' subjective intentions. *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503, 115 P.3d 262 (2005). We

impute an objective intent corresponding to the reasonable meaning of the words used in the contract, as defined by their ordinary, usual, and popular meaning "unless the entirety of the agreement clearly demonstrates a contrary intent." *Hearst Commc'ns*, 154 Wn.2d at 503-04. Further, we interpret statutes and contracts to give effect to all the language used, without rendering any portion meaningless. *Veit v. Burlington N. Santa Fe Corp.*, 171 Wn.2d 88, 113, 249 P.3d 607 (2011) (statutory interpretation); *Snohomish County Pub. Transp. Benefit Area Corp. v. FirstGroup Am., Inc.*, 173 Wn.2d 829, 840, 271 P.3d 850 (2012) (contract interpretation).

B.      *Hall's 2018-19 Contract Was Not Fully Executed*

Hall argues that his 2018-19 contract was fully executed when he signed it on May 10, 2018. Specifically, Hall makes two arguments that the contract was fully executed. First, he argues that because the 2018-19 contract states, "This contract is made by and between the board of directors of Yelm Community Schools . . . and Hall," and "by order of the Board of Directors" prefaces Wharton's signature line, there is an issue of fact that the contract was impliedly ratified and enforceable before Hall received notice of his nonrenewal. Br. of Appellant at 4-5 (capitalization omitted). Second, he argues that formal Board approval of an employment contract is not required because Board approval could occur in a perfunctory manner, like a consent agenda. He argues that the contract created a reasonable expectation that his contract was ratified. We disagree.

Both of Hall's arguments require us to ignore the CBA provision that "[n]o contract is effective until approval by a majority of the Board of Directors[,]" CP at 39, and RCW 28A.405.210 which provides that no employee "shall be employed except by written order of a

majority of the directors of the district at a regular or special meeting thereof." Although the record on appeal contains evidence that the Board ratifies these employment contracts at regular meetings, there is no evidence before us that even suggests that the Board ratified Hall's contract. The evidence is, in fact, to the contrary. Hall's arguments seek to render the relevant clauses in the CBA and the statute meaningless.

Moreover, Hall's argument that he had a reasonable expectation of employment cannot defeat summary judgment. Our objective is to ascertain the parties' *mutual* intent. *See Int'l Marine Underwriters*, 179 Wn.2d at 282. The school district could not have formed an intent to create a binding contract unless and until it was approved by the Board, because approval was a statutory and CBA requirement of employment.

Hall can point to no law that allows us to ignore the contract provisions or relevant statute here. We reject Hall's argument that there is a question of fact regarding whether his contract was impliedly ratified, or otherwise binding on the District.

C.    *The Board Did Not Delegate Hiring Authority*

Hall also argues that the Board delegated its hiring authority to Wharton and other District employees. As a result, Hall argues that the Board was not required to explicitly approve the contract before it became effective. We disagree.

The power to employ teachers is a nondelegable power of a school board of directors. *Lake Wash. Sch. Dist. No. 414 v. Lake Wash. Educ. Ass'n*, 109 Wn.2d 427, 432, 745 P.2d 504 (1987). A school board cannot lawfully delegate its statutory duty to hire employees to the superintendent or other employee. *McCormick*, 99 Wn. App. at 113.

6

Here, the Board did not and could not have lawfully delegated its hiring authority to Wharton or any other District employee. The incorporated CBA specifically stated that the contract was not effective until the Board approved it.

D.    *The Nonrenewal Letter Nullified Hall's Rights to Employment for the 2018-19 School Year*

Finally, the parties dispute the effect of Wharton's May 15 nonrenewal letter. The District argues that the letter nullified Hall's rights to employment for the 2018-19 school year. Hall argues that because he signed the 2018-19 contract before receiving the May 15 nonrenewal letter, Wharton no longer possessed the authority to issue a nonrenewal letter. We agree with the District.

When a superintendent determines that a provisional employee's contract should not be renewed for the following school year, the superintendent shall notify the employee in writing on or before May 15th preceding the commencement of the school year. RCW 28A.405.220(2). If the superintendent determines that a provisional certificated employee's contract should not be renewed, the provisional certificated employee is provided with a review process, first with the superintendent and then with the school district board of directors. RCW 28A.405.220(3)-(4).

Wharton's May 15 nonrenewal letter notified Hall that he would not be offered continuing employment with the District for the 2018-19 school year. Wharton followed the statutorily required process for nonrenewal. RCW 28A.405.220. Further, because the 2018-19 contract had no binding effect without Board approval, no employment contract yet existed for

No. 53665-0-II

2018-19 school year. The nonrenewal letter was the proper way to notify Hall under RCW 28A.405.220 that his contract would not be renewed. We affirm the trial court's grant of summary judgment.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

Melnick, J.

Cruser, J.