THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| VIRGINIA BERRY, an individual, | ) | No. 82263-2-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KING COUNTY, a municipal corporation, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ANDRUS, A.C.J. — Virginia Berry appeals the summary judgment dismissal of her negligence suit against King County (the County), in which she alleged that she sustained a concussion after a King County Metro bus struck her parked car. She argues that there are genuine issues of material fact on causation. We disagree and affirm.

## FACTS

On the afternoon of September 16, 2016, Berry was sitting in the driver's seat of her parked car on Madison Street near Seattle University with her daughter, Katherine. At approximately 1:45 p.m., a King County Metro bus drove by and clipped her driver's side mirror and scraped the corner of her front bumper. The collision was recorded by the bus's camera system.

Berry alleged that the collision caused her to hit her head on the driver's side window and rearview mirror. She testified that she went to the hospital six days later complaining of visual disturbance, headache, and neck pain, which she attributed to the collision. She was diagnosed with a closed head injury with concussion. On May 24, 2019, Berry filed this negligence action against King County.

In May 2020, the County filed the first of three summary judgment motions. The County argued that the video footage from the bus camera system conclusively showed that the collision did not cause any appreciable movement of Berry's vehicle and there were no disputed facts on whether the collision caused Berry's injuries. Although the trial court agreed the video showed no appreciable movement of Berry's car, it denied the motion without prejudice, indicating that expert testimony would be required to establish that the collision could not have caused Berry's injuries.

The County filed a second motion for summary judgment in September 2020, supporting its argument with the declaration of a biomedical engineer and accident reconstruction expert, Brendan Morse. Morse testified that the video demonstrated the car did not move when the bus struck its mirror. In his opinion, the force of that strike, where only the mirror cover was fractured but the mirror assembly remained in place, would have been comparable to hard braking or hitting a pothole or speed bump. Morse further opined that when the bus contacted the driver's side mirror, this contact may have "jostled on the suspension, resulting in the occupants jostling within their seats," but the movement would have been

minimal: "no significant occupant motion and no occupant contact with interior components can be expected."

Berry did not submit any expert testimony to rebut Morse's opinions but testified that "[t]he collision caused a very loud banging noise in the vehicle that was extremely terrifying. The collision caused me to violently shake from side to side." She insisted that "[i]t felt as if the car moved to the right and then back to the left about 4-6 inches." She acknowledged that "it all happened so fast and was so terrifying that I am not sure if the car moved or if just the two people inside the vehicle moved." But she was certain that she "violently moved to the right and then back to the left – slamming [her] head on the driver's window." Berry's daughter testified that the collision caused her to "violently shake from side to side," and her mother immediately complained of pain.

Although the trial court found Morse's testimony compelling, it again denied the motion, concluding that there remained an issue of fact as to whether Berry could have been so startled by the bus that she hit her head on the window as a result of some sort of involuntary bodily reaction to the noise of the impact.

On November 13, 2020, the County filed its third motion for summary judgment. The County submitted a revised declaration from Morse. Morse reiterated his prior opinions and agreed that "Ms. Berry may have experienced a startle response/reflex." But, he testified, empirical studies show that a startle response is a sudden and defensive act during which an individual pulls their head close to their body (chin to chest) and bring their arms or hands near their head. The studies to which Morse referred indicate that there would have been no lateral

movement of Berry's body because her muscles would have contracted in a natural response to this stimulus. The motion, he opined, would have been minimal and would have moved her body away from the driver's side window or door toward the open space within the vehicle's occupant space. Because acute onset of a concussion requires the head to strike a rigid object with a specific level of force, Morse concluded that a startle response to the bus hitting Berry's driver side mirror could not have generated sufficient force to cause a concussion. He concluded that there was "a zero percent chance of severe brain biomechanical failure and concussion." Berry presented no expert testimony in response to Morse's analysis.

The court granted summary judgment, and Berry appealed.

## ANALYSIS

Appellate courts review a summary judgment order de novo and perform the same inquiry as the trial court. Borton & Sons, Inc. v. Burbank Props., LLC, 196 Wn.2d 199, 205, 471 P.3d 871 (2020). A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." CR 56(c). We view all facts and reasonable inferences in the light most favorable to the nonmoving party. Owen v. Burlington N. and Santa Fe R.R. Co., 153 Wn.2d 780, 787, 108 P.3d 1220 (2005). If a defendant moving for summary judgment meets their initial burden of establishing the absence of an issue of material fact,

> then the inquiry shifts to the party with the burden of proof at trial, the
> plaintiff. If, at this point, the plaintiff "fails to make a showing sufficient
> to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial", then the trial court should grant the motion.

Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S. Ct. 2548 (1986)).

To prevail on her negligence claim, Berry must show (1) the existence of a duty to the plaintiff, (2) a breach of that duty, (3) a resulting injury, and (4) that the breach of duty was the proximate cause of the injury. N.L. v. Bethel Sch. Dist., 186 Wn.2d 422, 429, 378 P.3d 162 (2016). The County sought summary judgment on the issue of causation, arguing that the impact on Berry's car was of insufficient force to cause her claimed injuries.

Cause in fact refers to the "but for" consequences of an act—the physical connection between an act and an injury. Hartley v. State, 103 Wn.2d 768, 777-78, 698 P.2d 77 (1985). Proximate cause is "a cause which in a direct sequence, [unbroken by any new independent cause,] produces the [injury] . . . complained of and without which such [injury] . . . would not have happened." Id. at 778 (quoting 6 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 15.01 (2d ed. 1980)). A determination of cause in fact is generally left to the jury but may be resolved on summary judgment when only one reasonable conclusion is possible. Id. (citing LaPlante v. State, 85 Wn.2d 154, 160, 531 P.2d 299 (1975)).

Berry argues that her testimony and that of her daughter demonstrate the existence of a triable issue on cause in fact. We disagree. First, while evidence must be viewed in the light most favorable to the nonmoving party, there can be no genuine dispute of fact when the nonmoving party's version of events is

"blatantly contradicted" by video evidence of the incident. Scott v. Harris, 550 U.S. 372, 379, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007); see also Sluman v. State, 3 Wn. App. 2d 656, 682, 418 P.3d 125 (2018) (accepting State's argument that a plaintiff "cannot testify or present testimony of witnesses contrary to the videotape that recorded [the collision]").

In her February 19, 2020 deposition, Berry stated that she was seated facing forward at the time of the collision and, as a result of the impact, her car rocked right and left about four to six inches and that this motion caused her to hit her head on the driver's side window. The County produced video evidence of the incident, showing that Berry's car did not visibly move when the bus struck her driver's side mirror. The County also produced expert witness testimony that "[a]ny significant motion of the occupants would have been under their own volition and not due to the impact."

Berry's testimony is so contrary to the events depicted in the video and described by the expert witness that no reasonable juror would accept her version of events. The County's evidence thus established an absence of genuine issue of material fact.

Berry argues that her third declaration, in which she explained that she was startled and terrified at the noise of the impact and struck her head on the window as a part of a startle response, is sufficient to create an issue of fact. We respectfully disagree. "When a party has given clear answers to unambiguous [deposition] questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely

- 6 -

contradicts, without explanation, previously given clear testimony." Klontz v. Puget Sound Power & Light Co., 90 Wn. App. 186, 192, 951 P.2d 280 (1998) (citing Marshall v. AC&S, Inc., 56 Wn. App. 181, 185, 782 P.2d 1107 (1989)). When a declaration presents new information or a different recollection of events, the trial court cannot rely on such self-serving testimony to create an issue of material fact. McCormick v. Lake Wash. Sch. Dist., 99 Wn. App. 107, 111, 992 P.2d 511 (1999).

Here, after the trial court suggested that it was possible Berry struck her head when startled by the noise of the bus hitting her mirror, Berry testified for the first time that she was sitting sideways in the driver's seat just before the collision and the impact "triggered a terrifying startle response, causing me to fall back and my head hit the driver's side window." This testimony is directly contrary to the testimony she provided in her deposition. Berry unequivocally testified that she was sitting facing forward in the driver's seat when the impact of the bus caused the car to rock, which caused her to hit her head.

> Q. So were you facing forward?
> A. Yes.
> Q. Okay. Can you describe for me what you recall hearing or feeling at the time of –
> A. I just –
> Q. – impact?
> A. – heard a tremendous bang and the car went to the . . . right and then went to the left and then it came back and righted itself.
> Q. So your recollection is the car rocked back and forth?
> A. It did.
> Q. Okay. And did that – and what did that cause to happen to you inside the car?
> A. Well I went this way to the right first. . . . And then I went to the left, and I hit my head really hard on the driver's side window and then I went back to the middle.
> Q. Okay. So you were indicating there that you hit the side of your head –
> A. Yes.

Q. – on the driver's side window?
A. Yes.
Q. So your head was facing forward throughout this?
A. Yes.

. . . .

Q. And how – how far would you say the car rocked back and forth?
A. Four to six inches.

Because Berry's revised declaration testimony contradicts her clear deposition testimony, it is inadmissible and cannot create genuine issues of material fact on causation.

No reasonable jury would credit Berry's version of events as set out in the original deposition because the video demonstrates that her car did not appreciably move upon impact. And Berry did not rebut Morse's expert opinions that neither the impact of the bus nor Berry's startle reaction could have generated sufficient force to cause a concussion. Berry failed to establish, through admissible evidence, a physical connection between the bus striking her mirror and her claimed concussion injury. Because she failed to make a showing sufficient to establish the existence of an element essential to her case on which she bears the burden of proof at trial, the trial court properly granted summary judgment.

Affirmed.

_Andrus, A.C.J._

WE CONCUR:

_Brennan, J_    _Smith, J._